IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVE R. MCKENZIE, Individually and as personal representative of the Estate of Mark McKenzie and the Estate of Brenda Groene,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH DUNCAN, a Single man and BECKER COUNTY, a political subdivision of the State of Minnesota,<br><br>　　　　　Defendants. | Case No. CV-05-498-N-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss and a motion to stay discovery filed by defendant Becker County, and a motion to transfer venue filed by plaintiff McKenzie. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant the motion to dismiss, rendering the other two motions moot.

## ANALYSIS

Plaintiff McKenzie brings this action against defendants Duncan and Becker

**Memorandum Decision and Order – Page 1**

County, Minnesota. McKenzie alleges that Becker County officials acted negligently in setting bail too low for Duncan and in failing to supervise him. As a result, McKenzie alleges, Duncan skipped bail in Minnesota, traveled to Idaho, murdered Mark McKenzie, Brenda Groene, and Groene's son, Slade, and kidnaped two minor children of Brenda Goene, later murdering one and molesting the other.

Anticipating Becker County's motion to dismiss for lack of personal jurisdiction, McKenzie filed a motion to transfer venue to the District of Minnesota. Becker County responded by filing its motion to dismiss and arguing that it must be decided before McKenzie's venue motion.

The Court agrees with Becker County. McKenzie is seeking to transfer a particular defendant – Becker County – to a different venue, but not the entire case. *See McKenzie Brief* at p. 2 ("[t]he action pending against Joseph Duncan can remain in this forum."); *Decl. of Dustin Deissner* at p. 2 (same). As such, McKenzie's motion to transfer venue does not fall under the relevant statutory provisions. *See* 28 U.S.C. § 1631; 28 U.S.C. § 1406(a). Furthermore, the Supreme Court has noted that the "question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). Accordingly the

**Memorandum Decision and Order – Page 2**

Court will first consider Becker County's Motion to Dismiss.

**1.     Motion to Dismiss**

Becker County challenges the personal jurisdiction of this Court. There is no allegation that Becker County, a county in Minnesota, conducts "systematic" or "continuous" activities in Idaho. *See, Helicopter Nationals de Colombia S.A. v. Hall*, 466 U.S. 408, 414 NN.8-9 (1984). Thus the sole issue is whether the Court has specific jurisdiction over the County.

When specific jurisdiction is asserted, the Ninth Circuit has used a three part test: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs of the test. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the

**Memorandum Decision and Order – Page 3**

first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

Under the first prong of the three-part specific jurisdiction test, McKenzie must establish that Becker County purposefully directed its activities toward Idaho. *Schwarzenegger v. Fred Martin Motor Company,* 374 F.3d 797, 801, 802-03 (9th Cir. 2004). In tort cases, the purposeful availment prong focuses on a purposeful direction analysis. *Id.* at 802. This is true when either intentional or, as here, negligent tort claims are alleged. *See, e.g., Ziegler v. Indian River County*, 64 F.3d 470, 473-74 (9th Cir.1995).

In his only effort to satisfy this burden, McKenzie makes the conclusory assertion that "[i]n this case the failure to properly supervise Duncan was foreseeably likely to result in his commission of criminal acts in nearby states like Idaho." *See McKenzie Response Brief* at p. 3. Even assuming, for the purpose of this pending motion only, that this assertion is factually accurate, the Ninth Circuit has explained that under relevant case law "foreseeability is not a 'sufficient benchmark' for exercising personal jurisdiction." *Id.* at 803. Instead, the "purposeful direction" prong "requires that the defendant have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

**Memorandum Decision and Order – Page 4**

defendant knows is likely to be suffered in the forum state." *Id.* At a minimum, McKenzie has failed to demonstrate that any act by Becker County was "expressly aimed" at Idaho. That requirement is satisfied when "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("[s]ubsequent cases from this circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting a known forum resident.").

Because there is nothing in the record to indicate Becker County "expressly aimed" its actions at Idaho, personal jurisdiction is lacking and the complaint against Becker County must be dismissed. *Schwarzenegger*, 374 F.3d at 802-07. This ruling moots the County's motion seeking to stay discovery, and also moots McKenzie's motion to transfer venue to Minnesota as to the County.

## ORDER

Based on the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiff's motion to transfer venue (docket no. 13) is DEEMED MOOT.

IT IS FURTHER ORDERED, that defendant Becker County's motion to

stay discovery (Docket No. 19) is DEEMED MOOT.

IT IS FURTHER ORDERED, that defendant Becker County's motion to dismiss (Docket No. 16) is GRANTED, and that plaintiff's complaint against defendant Becker County is DISMISSED without prejudice to refiling in the appropriate forum.



DATED:  **July 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court